TERRENCE W. BOYLE, UNITED STATES DISTRICT JUDGE
This cause comes before the Court on plaintiff's complaint seeking injunctive relief and motion for temporary restraining order pursuant to Rule 65 of the Federal Rules of Civil Procedure. Defendant has responded to the motion for temporary restraining order and has filed a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction. The Court held a hearing on July 13, 2018, at Raleigh, North Carolina at which counsel for the parties appeared and the Court heard argument. For the reasons that follow, defendant's motion to dismiss is granted.
BACKGROUND
Plaintiff is an ear, nose, and throat medical practice with offices in Robeson, Richmond, and Wake Counties, North Carolina. The plaintiff practice primarily serves rural and poor patients who are Medicare and Medicaid beneficiaries. Following an audit conducted by a contractor for Medicare, it was determined by defendant that plaintiff been overpaid by Medicare during the period of June 1, 2015, through December 31, 2016, for $1,707,223.52 for claims that were not reasonably medically necessary. This amount was based on a statistical extrapolation following the contractor's review of thirty-six of plaintiff's claims for Medicare reimbursement.
Defendant has begun to recoup the $1.7 million in overpayment by withholding payment to plaintiff on current Medicare claims. Plaintiff alleges that the stated reasons for the overpayment determination are fundamentally and provably false, and has appealed the finding of overpayment determination through the first two of four stages required by law. Plaintiff is currently awaiting the third stage of appeal before an administrative law judge (ALJ), and has been notified that there is an approximate 1200-day wait for ALJ review due to a backlog of cases. Plaintiff alleges that it has no adequate remedy at law and seeks a preliminary and permanent injunction prohibiting defendant from recoupment of plaintiff's Medicare reimbursement payments prior to the completion of the administrative process. Plaintiff contends that the extraordinary backlog of Medicare appeals effectively denies plaintiff its right to appeal, and that mandamus relief under 28 U.S.C. § 1361 is necessary to compel defendant to adhere to its own rules and regulations which require it to conduct an administrative hearing on plaintiff's appeal request within ninety-days. Plaintiff has alleged claims for violation of its procedural and substantive due process rights under the Fifth Amendment, for preservation of status of rights under Section 705 of the Administrative Procedures Act, and for injunctive and mandamus relief as discussed above.
DISCUSSION
The Court considers first defendant's motion to dismiss as it concerns the *742 Court's subject matter jurisdiction over plaintiff's complaint. Federal Rule of Civil Procedure 12(b)(1) authorizes dismissal of a claim for lack of subject matter jurisdiction. When subject matter jurisdiction is challenged, the plaintiff has the burden of proving jurisdiction to survive the motion. Evans v. B.F. Perkins Co. , 166 F.3d 642, 647-50 (4th Cir. 1999). "In determining whether jurisdiction exists, the district court is to regard the pleadings' allegations as mere evidence on the issue, and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment." Richmond, Fredericksburg & Potomac R.R. Co. v. United States , 945 F.2d 765, 768 (4th Cir. 1991). To this end, "the nonmoving party must set forth specific facts beyond the pleadings to show that a genuine issue of material fact exists." Id. (citing Trentacosta v. Frontier Pacific Aircraft Indus. , 813 F.2d 1553, 1558-59 (9th Cir. 1987) ). The movant's motion to dismiss should be granted if the material jurisdictional facts are not in dispute and the movant is entitled to prevail as a matter of law. Id.
Defendant argues that this Court lacks subject matter jurisdiction over plaintiff's complaint because plaintiff has failed to exhaust its administrative remedies, and the Court agrees. The Medicare Act, or Title XVIII of the Social Security Act, provides for a federally subsidized health insurance program which is administered by the Secretary of the Department of Health and Human Services. See, e.g., Heckler v. Ringer , 466 U.S. 602, 605, 104 S.Ct. 2013, 80 L.Ed.2d 622 (1984). Claims for reimbursement by Medicare providers are typically paid without substantive inquiry, but the payments remain subject to subsequent review by a third-party auditor, known as a Recovery Audit Contractor. See, e.g., Cumberland Cty. Hosp. Sys., Inc. v. Burwell , 816 F.3d 48, 53 (4th Cir. 2016).
Congress created that audit program to serve "the purpose of ... recouping overpayments," and it incentivized the Recovery Audit Contractors by paying them "on a contingent basis for collecting overpayments." Id. § 1395ddd(h)(1). Healthcare providers wishing to challenge these initial claim determinations by the Medicare Administrative Contractor or the Recovery Audit Contractor must pursue a comprehensive, four-step administrative review process before seeking review in court.
Id.
The four part administrative review process begins with a request for redetermination to the original audit contractor, then proceeds to a request for reconsideration by a Qualified Independent Contractor. The third step is a hearing before an ALJ, and the review culminates with a decision by the Medicare Appeals Council. See 42 U.S.C. § 1395ff(a) - (d) ; 42 C.F.R. §§ 405.940 ; 405.960; 405 1000; 405.1100. The Medicare Act also provides timing deadlines for the review process, and requires, inter alia , that the ALJ's decision be issued within ninety days of the provider's request for review. See 42 U.S.C. § 1395ff(d)(1)(A). A provider may also escalate the review process by proceeding to the next step of review if the timing deadlines are not met. See generally Cumberland Cty. Hosp. Sys. , 816 F.3d at 54 (discussing review process, timing requirements, and escalation process in detail).
The Appeals Council issues the final administrative decision of the Secretary, and the provider may seek judicial review of that decision in the appropriate United States District Court. 42 U.S.C. §§ 1395ff(b)(1)(A) ; 1395ii; 405(g). "Judicial review of claims arising under the Medicare *743 Act is available only after the Secretary renders a 'final decision' on the claim, in the same manner as is provided in 42 U.S.C. § 405(g) for old age and disability claims arising under Title II of the Social Security Act." Ringer , 466 U.S. at 605, 104 S.Ct. 2013. The jurisdictional bar applies even where a plaintiff seeks only injunctive relief, id. at 615, 104 S.Ct. 2013, and there is no distinction based on whether the claim is a collateral or non-collateral challenge under the Medicare laws. Shalala v. Illinois Council on Long Term Care, Inc. , 529 U.S. 1, 14, 120 S.Ct. 1084, 146 L.Ed.2d 1 (2000). Here, there is no final decision of the Secretary for this Court to review. Moreover, plaintiff's claim that it has been denied due process and its claim for injunctive and mandamus relief are procedural claims which are "inextricably intertwined" with its recoupment challenge, and therefore should be "channeled into the administrative process." Ringer , 466 U.S. at 614, 104 S.Ct. 2013.
Additionally, as defendant argues, plaintiff cannot establish that it is entitled to injunctive or mandamus relief. In Cumberland County Hospital System v. Burwell , a case involving a hospital system's attempt to use mandamus relief to compel the Secretary of the Department of Health and Human Services to comply with the timing provisions of the Medicare administrative review process in a reimbursement challenge, the Fourth Circuit held in that "[a] writ of mandamus, as requested by the Hospital System, would have courts interrupt the specified administrative process and cross the lines of authority created by statute." 816 F.3d at 56. The Cumberland court recognized that extraordinary backlogs have caused the administrative process to be in "grave condition," but found that rehabilitation of that process is for the political branches and not the courts. Id. at 57. Noting that Congress in the Medicare Act gave healthcare providers with the choice to either wait for an ALJ hearing past the ninety-day deadline or escalate the review process to the next level, the court determined that
While we agree that the delay in the administrative process for Medicare reimbursement is incontrovertibly grotesque, the Medicare Act does not guarantee a healthcare provider a hearing before an ALJ within 90 days, as the Hospital System claims. Rather, it provides a comprehensive administrative process-which includes deadlines and consequences for missed deadlines-that a healthcare provider must exhaust before ultimately obtaining review in a United States district court.
Id. at 50.
While this case involves a claim seeking to stop recoupment of alleged overpayment rather than a claim for reimbursement, plaintiff has proffered no persuasive argument that the Fourth Circuit's holding in Cumberland does not control in this case. Plaintiff relies on American Hospital Association v. Burwell , 812 F.3d 183, 192 (D.C. Cir. 2016) ( AHA I ), which held that the requirements for mandamus jurisdiction were satisfied under similar circumstances because the "statute imposes a clear duty on the Secretary to comply with the statutory deadlines, [ ] the statute gives the [plaintiff] a corresponding right to demand that compliance, and [ ] escalation - the only proposed alternative remedy - is inadequate under the circumstances ...". Plaintiff has failed to distinguish, however, as the American Hospital Association court has in AHA II , this circuit's holding in Cumberland - "[i]n [ AHA I ], we ... [held] that the threshold requirements for mandamus jurisdiction were met, although one of our sister circuits has since thought otherwise, *744 Cumberland Cnty. Hosp. Sys., Inc. v. Burwell , 816 F.3d 48, 52-57 (4th Cir. 2016)." Am. Hosp. Ass'n v. Price (AHA II) , 867 F.3d 160, 165 (D.C. Cir. 2017) ; see also Ivanchenko v. Burwell , No. 16 C 9056, 2016 WL 6995570, at *5 (N.D. Ill. Nov. 30, 2016) (following Seventh and Fourth Circuit precedent finding ninety-day deadline not mandatory).
A similar case to plaintiff's has also previously been dismissed in this district. There, a healthcare provider, which had like plaintiff been determined by Medicare to have received overpayment, sought mandamus relief against the Secretary for failing to comply with the administrative review process by not conducting an administrative hearing within ninety days. AvuTox, LLC v. Burwell , No. 5:15-CV-634-FL, 2017 WL 767449, at *1 (E.D.N.C. Jan. 24, 2017), report and recommendation adopted sub nom. AvuTox, LLC v. Cochran , No. 5:15-CV-634-FL, 2017 WL 758495 (E.D.N.C. Feb. 27, 2017). AvuTox also sought a writ of mandamus directing the Secretary to comply with the administrative review process and to repay the money that had been recouped, in addition to alleging due process claims. AvuTox was dismissed as being foreclosed by Cumberland . The AvuTox court also recognized that while Cumberland did not directly address a due process claim, the Cumberland court had considered the issues which gave rise to the plaintiff's due process claim, and the circuit court's statutory construction was "clear and binding." AvuTox, LLC , No. 5:15-CV-634-FL, 2017 WL 767449, at *5. This Court has been presented with no persuasive basis on which to hold any differently here.
CONCLUSION
Accordingly, for the foregoing reasons, defendant's motion to dismiss [DE 13] is GRANTED. As this Court lacks subject matter jurisdiction to consider plaintiff's complaint, the motion for temporary restraining order [DE 2] is DENIED.
SO ORDERED, this 17 day of July, 2018.